UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-0056-MIZELLE

UNITED STATES OF AMERICA,

v.

JORDAN LEAHY,

    Defendant.
_____/

## ORDER DENYING MOTION FOR JUDICIAL ESTOPPEL

**THIS MATTER** is before the Court upon Defendant Jordan Leahy's Motion for Judicial Estoppel ("Motion"), which was filed on August 12, 2022. [ECF No. 56]. In the Motion, Defendant seeks to estop the Government from asserting that the fourth element of 18 U.S.C. § 245(b)(2)(B) requires only "but-for causation" based on the Government's representations in its prior Response in Opposition to Defendant's Motion to Dismiss ("MTD Response"), which the Government filed on June 24, 2022. [ECF No. 56 at 1, 10; *see* ECF No. 26]. This Court ordered the Government to file a response. [ECF No. 59]. Accordingly, the Government filed its Response in Opposition ("Response") on August 16, 2022, arguing that Defendant misconstrues the Government's past position in its MTD Response, inventing a contradiction where none exists, and that the Defendant's proposed interpretation of "because of"—as used in section 245(b)(2)(B)—is contrary to Supreme Court precedent interpreting that phrase. [ECF No. 61 at 1-12]. The Court conducted a pretrial conference on August 17, 2022. [ECF No. 62]. For the following reasons and those reasons set forth at the pretrial conference, which are incorporated in this order by reference, the Court denies the Motion.

1

First, the Court agrees that the Government is not taking a new position with respect to the fourth element of Section 245(b)(2)(B). The Court's review of the MTD Response shows that the Government cited to Section 245's legislative history as well as the Second Circuit's decision in *United States v. Nelson*, 277 F.3d 164 (2d Cir. 2002)—the decision upon which Defendant now relies for his competing "acted with intent" instruction—to argue that Section 245 is a proper exercise of Congress's authority under the Thirteenth Amendment to identify and legislate against badges and incidents of slavery. [*See* ECF No. 26 at 7-11]. Each of the nine citations to *Nelson* in the MTD Response relate to Section 245(b)(2)(B)'s constitutionality, [*see* ECF No. 26 at 6-10, 15-17, 20 n.1], and the Court does not read the MTD's Response's discussion of that statute's legislative history and *Nelson* as the Government construing the second "because" clause in Section 245(b)(2)(B) narrowly to require a showing of intent. [*See* ECF no. 26 at 7-8]. Rather, that discussion relates to the Government's argument that Section 245 was enacted for a proper purpose under Section 2 of the Thirteenth Amendment and that the statute's "because of" language stops Section 245 short of creating "a general, undifferentiated federal law of criminal assault." [ECF No. 26 at 8 (quoting *Nelson*, 277 F.3d at 189)]. Nowhere in its MTD Response did the Government adopt *Nelson*'s interpretation of the "because of" language in Section 245(b)(2)(B), discuss jury instructions, or commit to a contrary position with respect to the fourth element in Section 245(b)(2)(B).

Second, this Court's review of the order denying Defendant's prior motion to dismiss and upholding Section 245(b)(2)(B)'s constitutionality shows that the district court did not rely on that portion of *Nelson* interpreting the second "because" in Section 245(b)(2)(B) as meaning that "Congress intended section 245(b)(2)(B) to reach . . . only the narrower class of acts which were

2

committed with the intent to prevent or dissuade the victim from, or punish the victim for, enjoying a public facility." *Nelson*, 277 F.3d at 187 (emphasis omitted); [*see* ECF No. 36]. Rather, that order's three references to the Second Circuit's decision in *Nelson* relate to (1) Section 245's connection to historic signs of slavery, [*see* ECF No. 36 at 8], (2) Section 245(b)'s "narrowing" requirement, which criminalizes "'force and threat of force' only if it is prompted by a victim's race and his use of a public facility or benefit," satisfying the rationality test, [*see* ECF No. 36 at 8-9 (quoting § 245(b)(2)(B))], and (3) the agreement among the circuit courts that Section 245(b)(2)(B) falls within Congress's power to enforce the Thirteenth Amendment, [*see* ECF No. 36 at 9]. Simply put, the Court sees nothing within the four corners of the district court's order interpreting the second "because" in Section 245(b)(2)(B) as incorporating a specific intent standard as to a person's participation or enjoyment of a public facility.

For these reasons and those discussed on the record at the pretrial conference, it is hereby

**ORDERED AND ADJUDGED** that the Motion [ECF No. 56] is **DENIED**.

**DONE AND ORDERED** in Miami, Florida on August 17, 2022.

PAUL C. HUCK
UNITED STATES DISTRICT COURT JUDGE

Copies furnished to:
All Counsel of Record