UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-0056-MIZELLE

UNITED STATES OF AMERICA,

v.

JORDAN LEAHY,

    Defendant.
_____/

## ORDER DENYING MOTION FOR A NEW TRIAL

**THIS CAUSE** is before the Court on Defendant Jordan Leahy's Motion for a New Trial ("Motion"). [ECF No. 89]. This Motion follows the trial in which Defendant was convicted of one count of violating 18 U.S.C. § 245(b)(2)(B) ("Statute"). Defendant seeks relief under Fed. R. Crim. P. 33 based on contentions: 1) that the trial evidence was insufficient for conviction, specifically as to the fourth element under the Statute; and 2) the Court improperly instructed the jury regarding that fourth element in three respects: a) that the Court failed to correct the government's misstatements of that law during closing arguments; b) that the Court failed to give the Defendant's proposed "theory of defense" instruction; and c) that the Court failed to properly answer the jury's fourth question submitted during its deliberation. For the reasons discussed below, the Court denies the Motion.

As the Defendant notes in his motion, the evidence at trial is familiar to the Court and parties and has been adequately set forth in the Motion and the government's response. Therefore, that evidence need not be detailed here. Moreover, the evidence is generally not in dispute, only the significance and sufficiency of that evidence.

**APPLICABLE LAW**

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 33 provides "a broad standard," and so "'the decision to grant or deny the new trial motion is within [the] sound discretion of the trial court . . . .'" *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994) (quoting *United States v. Wilson*, 894 F.2d 1245, 1252 (11th Cir. 1990)).

However, "[m]otions for a new trial based on the weight of the evidence are 'not favored' and are reserved only for 'really exceptional cases.'" *United States v. Gallardo*, 977 F.3d 1126, 1140 (11th Cir. 2020) (quoting *United States v. Brown*, 934 F.3d 1278, 1297 (11th Cir. 2019)). "Rule 33 isn't an invitation for the court to 'reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable.'" *United States v. Witt*, 43 F.4th 1188, 1194 (11th Cir. 2022) (quoting *United States v. Martinez*, 763 F.2d 1297, 1312–13 (11th Cir. 1985)).

With these guidelines in mind, the Court resolves each of the issues raised in the Motion as follows.

**SUFFICIENCY OF THE EVIDENCE**

The Defendant's insufficiency of the evidence argument relates solely to whether the evidence supporting the fourth element of the Statute was sufficient to find that Defendant attacked the victim because the victim was engaging in a federally protected activity, that is using a public facility, in this case, Starkey Road in Pinellas County, Florida. As the Court noted in denying Defendant's motion for acquittal at the conclusion of the government's case, while the government's case presented a close question it was sufficient for the jury to find the defendant

guilty beyond a reasonable doubt.  The Defendant's own statements, including that "These, these guys [Black guys] are animals, you know what I'm saying? Ya'll have to contain these [Black] people, keep them in their areas," was evidence that Defendant's admittedly racially motivated attack was to keep Black people in their own area—and consequently not in the area where Defendant attacked the Black victim—Starkey Road.  This statement together with the undisputed circumstances of how Defendant attacked the victim were sufficient for the jury to reasonably find beyond a reasonable doubt that the Defendant attacked the victim because he was driving along Starkey Road.[1]  This Court's conclusion is supported by a number of other 18 U.S.C. § 245(b)(2)(B) cases where the courts held that the Statute's fourth element had been proven by evidence generally analogous to that presented here: *United States v. Baird*, 189 F.3d 475, 1999 WL 568862 (9th Cir. Aug. 3, 1999); *United States v. Ebens*, 800 F.2d 1422 (6th Cir. 1986); *United States v. Price*, 464 F.2d 1217, (8th Cir. 1972). Even *United States v. Nelson*, 277 F.3d 164 (2nd Cir. 2002), supports the Court's conclusion on this point.  Accordingly, the Court rejects Defendant's insufficiency of the evidence argument.

## THE JURY INSTRUCTIONS

In support of his contention that the Court did not properly instruct the jury, Defendant offers three reasons: "[t]he Court declined to correct the government's misstatements of the law, declined to provide Mr. Leahy's theory-of-defense instruction, and then declined to answer the jury's critical question . . . ." regarding the Statute's fourth element. (Motion at 13).

Regarding the first reason, the Court repeatedly advised the jury that what the lawyers

---

[1] Even the Defendant, in his Motion, seems to acknowledge, as he must, that there was some evidence supporting the fourth element, though he describes it as "thin" and "marked by uncertainties and discrepancies."  (*See* Motion, p. 9).

3

say is not evidence and that the Court would instruct them on the law. Presumably, the jurors understood that the Court, and only the Court, would explain what was the applicable law, which they were required to follow.

Moreover, the government's closing argument, taken as a whole, was not incompatible with the jury instructions given by the Court. Rather, the government's argument reflected a practical, facts-based discussion of how the "but-for" aspect of the Statute applied in these circumstances, and, more importantly, an appropriate response to the Defendant's argument regarding the law and how it applied to the facts before the jury. Accordingly, the Court rejects Defendant's argument on this point.

Defendant next argues that the Court erred by failing to give the Defendant's proposed theory-of-the-case instruction. The Court disagrees. Prior to and during the trial, the Court heard extensive argument regarding the appropriate jury instruction for the Statute's fourth element, and particularly, the meaning of the "because of" requirement in that element. The Court adopted and gave the jury a modified version of the instruction proposed by the government. The Defendant's proposed theory-of-defense instruction was rejected because it was, in the Court's view, inconsistent with the version of the "because of" definition ultimately selected by the Court after extensive discussion. In other words, the Court viewed, and stills views, the Defendant's proposed instruction as another attempt to have the Court give a version of the meaning of "because of" which it had previously rejected. In summary, the Court believes, rightly or wrongly, that it properly and adequately instructed the jurors on the "because of" requirement for conviction and that Defendant's proposed instructions would not only have been inconsistent and confusing, but a misstatement of the law. Accordingly, Defendant's

second argument is rejected.  Lastly, Defendant argues that the Court failed to correctly respond to the jury's fourth question, submitted after extended deliberation.   In its fourth question, the jury asked: "Does the fact that the parties were on the road at the same time suffice Part 4 of charges [sic]?"   The Court responded that it would not answer the question as presented, but that it would possibly answer a differently worded question.

The jury did not respond to the Court's invitation to the jury to submit a differently worded question.   Instead, within an hour or so, the jury returned with a guilty verdict.   The Defendant argues that the Court erred by not answering the jury's question with a definitive "no" which error constitutes a miscarriage of justice, justifying a new trial.   Again, the Court disagrees.

Given the wording of the jury's question, the Court's response was appropriate— explaining that because of the specific wording, the Court felt a definitive response was inappropriate, and, in the Court's view, likely misleading given the nature of the fact and legal issues presented.   Reasonably suggesting that the jury submit a differently worded question if it needed further instruction or explanation was the best course to take, leaving it up to the jury to indicate whether it needed any further assistance. That the jury did not submit a further inquiry suggests that it was able, after further consideration of the evidence and the jury instructions, to resolve whatever concern the jury might have had.   Accordingly, Defendant's final argument is rejected.

For the reasons discussed above, the Motion is **DENIED**.

**DONE AND ORDERED** in Miami, Florida on October 27, 2022.

_____
PAUL C. HUCK
UNITED STATES DISTRICT COURT JUDGE

<u>Copies furnished to:</u>
All Counsel of Record